UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JILVIS L. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-558 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Respondent's Motion to Dismiss Jilvis L. Robinson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [ECF No. 2]. Respondent argues that Petitioner's Motion to Vacate, Set Aside or Correct Sentence was untimely. Petitioner failed to respond to the Motion to Dismiss, and the time to do so has expired. For the reasons that follow, the Court finds that Respondent's Motion to Dismiss has merit, Petitioner's § 2255 Motion is time-barred, and the action will be dismissed.

*I.    Facts and Background*

On March 18, 2019, Petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Count Two); and possessing and brandishing a firearm in furtherance of a carjacking, in violation of 18 U.S.C. §§ 924(c)(1) and

2 (Count Three).  On December 2, 2019, Petitioner pleaded guilty to Counts Two and Three of the indictment pursuant to a written plea agreement, and on March 9, 2020, the Court sentenced him to be imprisoned for a term of 120 months followed by three years of supervised release. On June 4, 2020, the Court issued an amended judgment under Federal Rule of Criminal Procedure 36 to correct a clerical error. Petitioner did not file an appeal. As a result, the judgment became final on June 18, 2020. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008) (explaining that when a federal criminal defendant does not file a direct appeal, the judgment of conviction becomes final when the 14-day period for filing a notice of appeal expires) (citing *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005)); Fed. R. App. P. 4(b)(1)(A) (providing that a defendant in a criminal case must file a notice of appeal within 14 days after the entry of the judgment).

On July 22, 2021, Petitioner filed a motion for a 90-day extension of time to file a § 2255 motion.  In support of his motion, Petitioner stated that he recently discovered a constitutional violation in his criminal case and wished to file a § 2255 motion, but that the prison's law library contained only five computers, and he was limited to two hours of legal research each time he used one of the computers. The Court granted the motion and extended the deadline to file a § 2255 motion to vacate to October 26, 2021.

On May 17, 2022, Petitioner signed his § 2255 Motion to Vacate, Set Aside or Correct Sentence, which was completed on a form petition, and placed it in the prison mailing system. In the § 2255 Motion, Petitioner asserts that his attorney provided ineffective assistance because his "plea agreement does not match the indictment," pointing to "page 5A(i)(ii) & 3b(i) in the elements & statutory penalties."[1] (ECF No. 1 at 4).  In response to the question regarding timeliness of his motion, Petitioner wrote that he had been "on lockdown for quite some time" due to the COVID-19 pandemic, and that it has been "difficult to work in the law library for the simple fact a virus has had all institution[s] on quarantine status." (*Id.* at 11).  For relief, Petitioner asks the Court to vacate his convictions and expunge his record "or at least correct [his] sentence." (*Id.* at 12).

## II.     Legal Standards

**A. Right to an Evidentiary Hearing**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d

---

[1] Petitioner appears to be referencing the portion of the written plea agreement that recites the elements of Count Three as follows: "(i) Defendant committed the crime of armed carjacking as set forth in Count One of the indictment; and (ii) Defendant knowingly possessed and brandished a firearm in furtherance of that crime." *United States v. Robinson*, 4:19-CR-305, ECF No. 30 at 3. Clearly, the plea agreement's reference to Count One was a typographical error, as Petitioner was charged with carjacking in Count Two of the indictment. This error did not affect Petitioner's sentence or any of his constitutional rights. In any event, because the § 2255 Motion is untimely, the Court need not address this issue.

3

1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, the Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (citing *Larson v. United States*, 905 F.2d 218, 220–21 (8th Cir. 1990)).

### B. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f); *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on

4

which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

The one-year statute of limitations is subject to equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). However, "[b]ecause the doctrine is reserved for extraordinary circumstances, it gives the [movant] an 'exceedingly narrow window of relief.'" *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a [motion to vacate] on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)). A movant "must also demonstrate he acted with due diligence in pursuing his [motion to vacate]." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quoting *Jihad*, 267 F.3d at 806).

### III.   Discussion

Under the prison mailbox rule, the Court deems Petitioner's § 2255 Motion to have been filed on May 17, 2022, *see Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) (explaining that the prison mailbox rule has been extended to

5

federal prisoners who move for relief under § 2255), which was well beyond the one-year statute of limitations.  *See* 28 U.S.C. § 2255(f).  Respondent moves to dismiss Petitioner's § 2255 motion on the basis that it was untimely filed, and Petitioner failed to respond to the motion.  To the extent Petitioner is asserting in his § 2255 Motion that equitable tolling should apply, he has not shown that he acted with due diligence in pursuing his § 2255 Motion or that extraordinary circumstances prevented him from timely filing his Motion.  *Kreutzer*, 231 F.3d at 463; *E.J.R.E.*, 453 F.3d at 1098.  Even assuming that the prison's COVID-19 restrictions prevented Petitioner from filing a motion to vacate prior to the original June 18, 2021 deadline, he does not adequately explain why he failed to file his § 2255 Motion before the extended October 26, 2021 deadline.  Petitioner did not request an additional extension of the deadline, and instead he waited nearly six months before filing his § 2255 Motion, which was handwritten and raised one ground for relief based on an alleged discrepancy in the written plea agreement.  In his § 2255 Motion, Petitioner wrote that his motion was untimely because movement restrictions made it difficult to work in the prison's law library.  But Petitioner does not state that he was precluded from working in the law library and further, he does not explain why he required the prison law library to file his § 2255 Motion, which was simple and straight-forward.  In sum, based on a review of the record, the Court finds the facts of this case do not warrant equitable tolling

6

of the statute of limitations as Petitioner has demonstrated neither due diligence nor that there were extraordinary circumstances. *See Shoemate*, 390 F.3d at 598 ("*Pro se* status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling."); *Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). As a result, Petitioner's § 2255 Motion is time-barred and subject to dismissal.

### IV.    *Conclusion*

For the foregoing reasons, the Court concludes that Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence is untimely and must be denied in all respects. Because the Court finds that the parties' filings and the record conclusively show that Petitioner is entitled to no relief, no evidentiary hearing will be necessary.

### V.    **Certificate of Appealability**

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A).

7

A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b).  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

8

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **GRANTED**. [EFC No. 2]

**IT IS FURTHER ORDERED** that Petitioner Jilvis L. Robinson's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and **DISMISSED**. [ECF No. 1]

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 14th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE